IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

ALBERT L. REMBERT,

    Petitioner,

    v.

LYNEAL WAINWRIGHT, WARDEN,
MARION CORRECTIONAL INSTITUTION,

    Respondent.

Case No. 2:18-cv-00188
Judge James L. Graham
Magistrate Judge Kimberly A. Jolson

## ORDER and
## REPORT AND RECOMMENDATION

Petitioner seeks a writ of habeas corpus under 28 U.S.C. § 2254 (Doc. 1), and has applied to proceed *in forma pauperis*. (Doc. 2). Upon consideration, the Court finds the application for pauper status is meritorious and, therefore, the application is **GRANTED**. Petitioner will be **PERMITTED** to prosecute this action without prepayment of fees or costs and judicial officers who render services in this action will do so as if all costs had been prepaid.

Petitioner seeks release from confinement imposed as part of the judgment of a state court in a criminal action. The case has been referred to the Undersigned pursuant to 28 U.S.C. § 636(b) and Columbus General Order 14-1 regarding assignments and references to Magistrate Judges.

Pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Court ("Rule 4"), this Court must conduct a preliminary review to determine whether "it plainly appears from the face of the petition and any attached exhibits that the petitioner is not entitled to relief in the district court . . . ." If it does so appear, the petition must be dismissed. *Id*. Rule 4 allows for the dismissal of petitions that raise legally frivolous claims, as well as

petitions that contain factual allegations that are palpably incredible or false. *Carson v. Burke*, 178 F.3d 434, 436–37 (6th Cir. 1999). Here, for the reasons that follow, it plainly appears from the face of the petition that Petitioner is not entitled to relief, as this action is barred by the one-year statute of limitations provided for under 28 U.S.C. § 2244(d). The Undersigned therefore **RECOMMENDS** that the Petition be **DENIED** and that this action be **DISMISSED**.

## I. FACTS AND PROCEDURAL HISTORY

The Court of Appeals for Ohio's Tenth District summarized the facts and procedural history of this case as follows:

> On August 24, 2010, appellant was indicted on one count of felonious assault in case No. 10CR–4979. On February 25, 2011, appellant was indicted on two counts of intimidation of a crime victim or witness in case No. 11CR–1086.
>
> On June 9, 2011, appellant entered an "Alford" plea of guilty in case No. 10CR–4979 to one count of felonious assault. By entry filed June 14, 2011, the trial court imposed a period of community control for five years, and sentenced appellant to 65 days in the Franklin County Correction Center. Also on June 9, 2011, appellant entered an Alford plea of guilty in case No. 11CR–1086 to one count of intimidation of a crime victim or witness. The trial court imposed a sentence of five years community control. At the time he entered his Alford pleas, appellant was on parole for an aggravated murder conviction in Cuyahoga County.
>
> On July 19, 2011, appellant filed a pro se motion to withdraw his Alford plea in case No. 10CR–4979. On July 3, 2013, appellant filed a motion for transcript. Plaintiff-appellee, State of Ohio, subsequently filed a memorandum contra appellant's motion for production of documents on grounds that appellant had no appeal or post-conviction matters pending. By entry filed July 31, 2013, the trial court denied appellant's motion to withdraw his Alford plea, and also denied appellant's motion for transcript.
>
> On January 21, 2015, appellant filed a motion requesting leave to file a delayed appeal from the trial court's judgment entry of June 14, 2011 in case No. 10CR–4979. On March 5, 2015, this court denied appellant's motion for leave to file a delayed appeal.
>
> *State v. Rembert*, 10th Dist. No. 15AP–47 (Mar. 5, 2015) (memorandum decision).

On June 2, 2016, appellant filed motions to withdraw his guilty pleas, pursuant to Crim.R. 32.1, in case Nos. 10CR–4979 and 11CR–1086. In those motions, appellant asserted in part that he "was made promises from the bench and from counsel to accept the offer made by the court to settle this case which were not kept which violates US Supreme Court jurisprudence * * * and this defendant's constitutional right to the due process of law and a fair trial." On June 15, 2016, the state filed a memorandum contra appellant's motions to withdraw guilty pleas. By entry filed July 6, 2016, the trial court denied appellant's motions to withdraw his guilty pleas, finding he had failed to establish manifest injustice or ineffective assistance of counsel.

On appeal, appellant sets forth the following four assignments of error for this court's review:

FIRST ASSIGNMENT OF ERROR:

The trial court erred in not granting withdrawal of the plea as it is unconstitutional being that it is not or was not knowingly, intelligently and voluntarily made as the promises made from the bench to induce that plea were simply not kept as required by U.S. Supreme Court jurisprudence in Sant[o]bello which violates this appellant's right to the due process of law and a fair trial under the 5th and 14th amendments of the U.S. Constitution and equivalent Articles and Sections of the Ohio Constitution.

SECOND ASSIGNMENT OF ERROR:

The trial court erred by not granting vacation of the plea due to ineffective assistance of counsel in violation of this appellant's constitutional rights protected by the 5th, 6th, and 14th amendments of the U.S. Constitution and the equivalent Articles and Sections of the Ohio Constitution.

THIRD ASSIGNMENT OF ERROR:

The trial court erred in not conducting an evidentiary hearing on this matter as the facts, when proven true, clearly would entitle this appellant to the relief sought and prove his plea is unconstitutional all of which violates the 5th and 14th amendments of the U.S. Constitution and the equivalent Articles and Sections of the Ohio Constitution.

FOURTH ASSIGNMENT OF ERROR:

The trial court erred and so did this court in not reviewing the 6–9–2011 transcripts which violates this appellant's rights to a fair trial and the due process of law protected by the 5th and 14th amendments of the U.S. Constitution and the equivalent Articles and Sections of the Ohio Constitution.

3

*State v. Rembert*, 10th Dist. Nos. 16AP-543, 16AP-544, ¶ 2-7, 16AP-544, 2017 WL 1180681, at *1-2 (Ohio Ct. App. March 30, 2017). On March 30, 2017, the Ohio Court of Appeals affirmed the judgment of the trial court, finding that Petitioner's claims were without record support. *Id*. at *3. Petitioner appealed that determination to the Ohio Supreme Court, but it declined to exercise jurisdiction. *State v. Rembert*, No. 2017-1208, 2017-Ohio-1173, 151 Ohio St.3d 1475 (Ohio Sup. Ct. Dec. 20, 2017).

On August 24, 2016, Petitioner filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 in the United States District Court for the Northern District of Ohio challenging the Ohio Parole Board's July 6, 2011, revocation of his parole for his 1978 convictions on aggravated murder and possession of criminal tools. *See Rembert v. Bunting*, Case No. 3:16-cv-02124-DAP (Doc. 1-14, PAGEID #: 39). On September 8, 2016, a Judgment Entry was issued dismissing that action and denying a certificate of appealability. *Id*. (PAGEID #: 40). On June 22, 2017, the United States Court of Appeals for the Sixth Circuit affirmed the District Court's denial of the certificate of appealability, advising Petitioner that he must file a separate habeas corpus petition in order to challenge the validity of his underlying criminal conviction on felonious assault. *Rembert v. Wainwright*, Case No. 16-4116 (Doc. 1-15, PAGEID #: 42).

Petitioner subsequently filed this habeas action on February 26, 2018, in the United States District Court for the Northern District of Ohio. (Doc. 1). Petitioner indicates that he submitted the Petition with prison officials for mailing on February 19, 2018. (Doc. 1, PAGEID #: 15). On March 5, 2018, the Case was transferred to this Court. Petitioner asserts that his guilty plea was unconstitutionally imposed and that it is a fraud and void (claim one); that the State breached the terms of his plea agreement

(claim two); that his judgment entry of sentence is fraudulent (claim three); and that the trial court broke promises in order to induce his guilty plea (claim four).

## II. STATUTE OF LIMITATIONS

The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), which became effective on April 24, 1996, imposes a one-year statute of limitations on the filing of habeas corpus petitions. 28 U.S.C. § 2244(d). The statute provides:

> (d) (1) A 1–year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of—
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State postconviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

*Id.*

Construing the statute of limitations in the light most favorable to the Petitioner, it began to run on August 30, 2013, when the time period expired to file a timely appeal from the trial court's July 31, 2013, decision denying his motion to withdraw his guilty plea. *See Monroe v. Jackson*, No. 2:08-cv-01168, 2009 WL 73905, at *2 (S.D. Ohio Jan. 8, 2009) (citing *Colwell v. Tanner*, 79 F. App'x 89 (6th Cir. 2003) (motion to withdraw guilty plea under Ohio Criminal

Rule 32.1 is a collateral action and not a part of the direct appeal) (other citations omitted); *see also Keister v. Eberlin*, No. 2:05-cv-808, 2007 WL 4510216, at *3 (N.D. Ohio Dec. 17, 2007) (citing *Goodballet v. Mack*, 266 F.Supp.2d 702, 707 (N.D. Ohio 2003)). The statute of limitations expired one-year later, on September 1, 2014.[1] Petitioner then waited more than three years to execute this habeas corpus petition. Thus, AEDPA's statute of limitations had long expired when this action began.

Importantly, Petitioner's January 2015 motion for a delayed appeal and June 2016 motion to withdraw guilty plea did *not* toll the running of the statute of limitations under 28 U.S.C. § 2244(d)(2), because the statute of limitations had already expired before he filed these actions. "The tolling provision does not . . . 'revive' the limitations period (*i.e.*, restart the clock at zero); it can only serve to pause a clock that has not yet fully run." *Vroman v. Brigano*, 346 F.3d 598, 601 (6th Cir. 2003) (citing *Rashid v. Khulmann*, 991 F.Supp. 254, 259 (S.D.N.Y. 1998). Further, Petitioner does not allege any extraordinary circumstances that would justify equitable tolling of the statute of limitations. *See Holland v. Florida*, 560 U.S. 631, 649 (2010) (In order to obtain equitable tolling of the statute of limitations, a litigant must establish that he has been diligently pursued relief and that some extraordinary circumstance stood in his way of timely filing) (citing *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)).

To avoid this result, Petitioner contends that this action is timely because the trial court's sentence is void and he lacked competent counsel to represent him. (Doc. 1, PAGEID #: 13–14). His arguments are not persuasive. "The Sixth Circuit Court of Appeals has rejected arguments that a void state court sentence renders the judgment not final for AEDPA statute of limitations purposes." *Gregley v. Bradshaw*, No. 1:14-cv-50, 2014 WL 4699409, at *14 (N.D. Ohio Sept.

---

[1] August 30, 2014, fell on a Saturday.

19, 2014) (citing *Mackey v. Warden, Lebanon Corr. Inst.*, 525 F. App'x 357, 361 (6th Cir. 2013)). Moreover, a prisoner's *pro se* incarcerated status, lack of knowledge regarding the law, and limited access to the prison's law library or to legal materials do not justify equitable tolling of the statute of limitations. *Hall v. Warden, Lebanon Corr. Inst.*, 662 F.3d 745, 751 (6th Cir. 2011) (citations omitted); *Keeling v. Warden, Lebanon Corr. Inst.*, 673 F.3d 452, 464 (6th Cir. 2012). Put simply, these are conditions typical for many prisoners and do not rise to the level of exceptional circumstances. *Groomes v. Parker*, No. 3:07–cv–0124, 2008 WL 123935, at *5 (M.D. Tenn. Jan. 9, 2008) (citing *Allen v. Yukins*, 366 F.3d 396, 403 (6th Cir. 2004)).

## III. RECOMMENDED DISPOSITION

For the foregoing reasons, the Undersigned **RECOMMENDS** that the Petition be **DENIED** and that this action be **DISMISSED** as time-barred.

### Procedure on Objections

If any party objects to this Report and Recommendation, that party may, within fourteen days of the date of this Report, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s). A judge of this Court shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made. Upon proper objections, a judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the magistrate judge with instructions. 28 U.S.C. § 636(B)(1).

The parties are specifically advised that failure to object to the Report and Recommendation will result in a waiver of the right to have the district judge review the Report and Recommendation de novo, and also operates as a waiver of the right to appeal the decision

of the District Court adopting the Report and Recommendation. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

The parties are further advised that, if they intend to file an appeal of any adverse decision, they may submit arguments in any objections filed, regarding whether a certificate of appealability should issue.

**IT IS SO ORDERED.**

Date: March 9, 2018                                          s/ Kimberly A. Jolson
                                                             Kimberly A. Jolson
                                                             United States Magistrate Judge