# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

ALBERT L. REMBERT,

    Petitioner,

v.

LYNEAL WAINWRIGHT, WARDEN,
MARION CORRECTIONAL INSTITUTION,

    Respondent.

Case No. 2:18-cv-00188
Judge James L. Graham
Magistrate Judge Kimberly A. Jolson

## OPINION AND ORDER

On March 9, 2018, the Magistrate Judge issued an *Report and Recommendation* pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts recommending that the Petition be denied and that this action be dismissed as barred by the one-year statute of limitations provided for under 28 U.S.C. § 2244(d). (Doc. 5). Petitioner has filed an *Objection* to the Magistrate Judge's *Report and Recommendation*. (Doc. 9). Pursuant to 28 U.S.C. § 636(b), this Court has conducted a *de novo* review. For the reasons that follow, Petitioner's *Objection* (Doc. 9) is **OVERRULED**. The *Report and Recommendation* (Doc. 5) is **ADOPTED** and **AFFIRMED**. This action is hereby **DISMISSED.**

The Court **DECLINES** to issue a certificate of appealability.

Petitioner challenges his June 2011 convictions pursuant to his guilty plea in the Franklin County Court of Common Pleas on felonious assault and intimidation of a crime victim or witness. He asserts that his guilty plea was unconstitutionally imposed and that it is a fraud and void (claim one); that the State breached the terms of his plea agreement (claim two); that his judgment entry of sentence is fraudulent (claim three); and that the trial court broke promises in

order to induce his guilty plea (claim four). As discussed, the Magistrate Judge recommended dismissal of this action as time-barred.

Petitioner objects to that recommendation. Petitioner argues that dismissal of this action as barred by the one-year statute of limitations is premature and improper under the provision of Rule 4. He seeks consideration of his claims on the merits. Petitioner further maintains that he has acted diligently in pursuing relief, and that this case involves a manifest miscarriage of justice.

Petitioner's arguments are not persuasive. Rule 4 of the Rules Governing Section 2254 cases requires the Court to conduct a preliminary screening of habeas corpus petitions before directing the Respondent to submit a response. A District Court is permitted, but not obligated, to sua sponte address the timeliness of a federal habeas corpus petition, *Day v. McDonough*, 547 U.S. 198 (2006), and may do so when conducting an initial review under Rule 4. *See Wogenstahl v. Charlotte*, No. 1:17-cv-298, 2017 WL 3053645, at *2 (S.D. Ohio July 19, 2017) (citing *McDonough*, 547 U.S. at 198). Further, the record does not support Petitioner's claim that he has acted diligently in pursuing relief. Petitioner bears the burden of demonstrating that he is entitled to equitable tolling. *Ata v. Scutt*, 662 F.3d 736, 741 (6th Cir. 2011). The record does not reflect, and Petitioner does not indicate any basis on which equitable tolling of the statute of limitations would be appropriate. *See Holland v. Florida*, 560 U.S. 631, 649 (2010) (citing *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)). As discussed by the Magistrate Judge, and construing the statute of limitations in the light most favorable to the Petitioner, he filed this § 2254 Petition more than three years after the statute of limitations had expired. The statute of limitations may be subject to equitable tolling upon a "credible showing of actual innocence,"

the record fails to reflect such circumstances here. *See Souter v. James*, 395 F.3d 577, 589-90 (6th Cir. 2005).

For these reasons, and for the reasons detailed in the Magistrate Judge's *Report and Recommendation*, Petitioner's *Objection* (Doc. 9) is **OVERRULED.** The *Report and Recommendation* (Doc. 5) is **ADOPTED** and **AFFIRMED**. This action is hereby **DISMISSED.**

Pursuant to Rule 11 of the Rules Governing Section 2254 Cases in the United States District Courts, the Court now considers whether to issue a certificate of appealability. "In contrast to an ordinary civil litigant, a state prisoner who seeks a writ of habeas corpus in federal court holds no automatic right to appeal from an adverse decision by a district court." *Jordan v. Fisher*, —U.S. —. —, 135 S.Ct. 2647, 2650 (2015); 28 U.S.C. § 2253(c)(1) (requiring a habeas petitioner to obtain a certificate of appealability in order to appeal.)

When a claim has been denied on the merits, a certificate of appealability may issue only if the petitioner "has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make a substantial showing of the denial of a constitutional right, a petitioner must show "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.' " *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893, n. 4 (1983)). When a claim has been denied on procedural grounds, a certificate of appealability may issue if the petitioner establishes that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling. *Id*.

The Court is not persuaded that reasonable jurists would debate whether dismissal of this action is appropriate as barred by the one-year statute of limitations under 28 U.S.C. § 2244(d). The Court therefore **DECLINES** to issue a certificate of appealability.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that the appeal would not be in good faith and that an application to proceed *in forma pauperis* on appeal should be **DENIED.**

The Clerk is **DIRECTED** to enter final **JUDGMENT**.

**IT IS SO ORDERED.**

Date: April 20, 2018

                                                                    s/ James L. Graham
                                                               JAMES L. GRAHAM
                                                               United States District Judge